IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| ROBIN BARRACK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:04-CV-2649-H |
| | * | |
| UNUM AMERICAN LIFE INSURANCE | * | |
| COMPANY; and EXCEL | * | |
| COMMUNICATIONS, INC., HEALTH | * | |
| AND WELFARE PLAN NO. 503, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following documents: Excel Communications, Inc., Health and Welfare Plan No. 503's ["Excel Plan"] 12(b)(6) Motion to Dismiss, and supporting brief, filed September 15, 2005; Plaintiff's Response to Defendant's Motion to Dismiss, and supporting brief, filed October 18, 2005; Excel Plan's Reply to Plaintiff's Response, filed October 25, 2005; Excel Plan's Response to Plaintiff's Motion for Leave to Amend, filed October 25, 2005; Plaintiff's Reply to Excel Plan's Response to Plaintiff's Motion for Leave to Amend and/or Plaintiff's Sur-Reply to Defendant's Motion to Dismiss, and supporting brief, filed November 14, 2005 ; Excel's Motion to Strike Plaintiff's Evidence, filed November 23, 2005; Excel's Motion to Strike Plaintiff's Sur-Reply, filed November 23, 2005; Defendant Excel Plan's Letter requesting stay of mediation, filed December 6, 2005; and Plaintiff's Response to Excel's Motion to Strike Evidence, filed December 9, 2005.

For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part. This case shall go forward according to the Court's Scheduling Order of October 4, 2005.

## I. BACKGROUND

On July 8, 2005, Plaintiff filed her First Amended Complaint alleging a cause of action under the Employee Retirement Income Security Act ["ERISA"] for wrongful denial of employee life insurance benefits, and asking for attorney's fees. *See* 29 U.S.C. § 1001 *et seq.* From July 2001 until April 5, 2002, Plaintiff's husband Michael Barrack ["Barrack"], now deceased, worked for Exelcom, Inc., and/or one of its affiliates ["Exelcom"]. On April 5, 2002, Exelcom was purchased by Vartec Telecom and/or one of its affiliates ["Vartec"], no longer a party to this suit. Barrack continued to be an employee of Vartec until his death in April 2003.

When first hired by Exelcom, Plaintiff automatically received employee benefits including basic life insurance equal to one times his annual salary ($93,000). In addition, Barrack elected supplemental life insurance in the amount one times his annual salary, for a total life insurance benefit of $186,000. So far the parties agree. Their dispute concerns whether in November 2001, during an "open enrollment" period for calendar year 2002, Barrack increased his supplemental insurance from one times his annual salary to two times his annual salary. Plaintiff contends that to obtain this coverage her husband completed an online application, which made no mention that proof of good health or "insurability" was required for the insurance increase. Defendant Excel Plan maintains to the contrary -- that all relevant documents (including the open enrollment materials, the Exelcom Policy insurance contract, and the Exelcom Plan "Summary Plan Description" ["SPD"]) specify that any increase in coverage requires proof of good health. Defendant contends that Barrack never provided such proof. Accordingly, at Barrack's death, the life insurance benefits paid to Plaintiff did not include the additional $93,000, for which she now sues.

On October 5, 2005, the Court signed Plaintiff's agreed order which, among other things, (1) dismissed with prejudice the original Defendants Vartec and Vartec Telecom Insured Benefit

Plan No. 502; (2) substituted Excel Communications, Inc., Health and Welfare Plan No. 503 ["Excel Plan"] as a Defendant; and (3) allowed adoption by Excel Plan of the present motion to dismiss.[1] In addition to adopting the motion to dismiss, Excel Plan has filed various other materials with the Court, all of which are addressed herein.

## II.  MISCELLANEOUS MOTIONS

### A.    Excel Plan's Motion to Strike Plaintiff's Sur-Reply

At the outset, the Court addresses Defendant Excel Plans's Motion to Strike Plaintiff's Sur-Reply.  On November 14, 2005, Plaintiff filed a document and appendix denominated as a combination (1) reply to Defendant's response to the request to amend ["Reply"]; and (2) sur-reply in opposition to the pending motion to dismiss ["Sur-Reply"].  Under the Local Rules of the Northern District of Texas, a reply may be filed within 15 days of the response to which it refers. *See* LOCAL R. 7.1(f).  Plaintiff's Reply was filed 20 days after Defendant's response to the request to amend.  It is therefore untimely.  Moreover, the Sur-Reply portion of the document is not authorized by the Local Rules without leave of Court, which was neither requested nor given.  *See* LOCAL R. 56.7.  Accordingly, Defendant's Motion to Strike Plaintiff's Reply/Sur-Reply is **GRANTED**.  The Reply/Sur-Reply and its accompanying appendix are **STRICKEN** for purposes of deciding the motion to dismiss.

### B.    Excel Plan's Motion to Strike Plaintiff's Evidence

On November 23, 2005, Excel Plan filed a motion to strike Plaintiff's evidence in the appendix to the Reply/Sur-Reply.  Because the Court has stricken the appendix on other grounds, Defendant's motion is **DENIED AS MOOT**.

---

[1]  As a result of the substitution of defendants, those portions of the Motion to Dismiss arguing that Plaintiff sued the wrong party are moot.

3

C.    **Excel Plan's Summary Judgment Request**

In the reply to Plaintiff's response to the motion to dismiss, Excel Plan asks the Court to consider the motion to dismiss as a motion for summary judgment, and thus to rule on the merits of the case.  *See* FED. R. CIV. P. 56(A).  For reasons discussed in the analysis below, summary judgment is premature at this time.  Defendant's  request is therefore **DENIED**, and the Court will consider Excel Plan's Motion to Dismiss only under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

III.  STANDARD FOR MOTION TO DISMISS

Dismissal of a case under Rule 12(b)(6) for failure to state a claim is not favored by the law. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988); *see* FED. R. CIV. P. 12(b)(6).  A Plaintiff's complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996) ("The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims."); *Adolph v. Federal Emergency Mgmt Agency*, 854 F.2d 732, 735 (5th Cir. 1988) (holding that a court may dismiss only if it "appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations[;] or if the allegations, accepted as true, do not present a claim upon which relief can be legally obtained.").

In considering a motion to dismiss, the Court must accept as true the nonmovant's well-pleaded factual allegations and any reasonable inferences to be drawn from them.  *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  Generally, the Court may not look beyond the pleadings in its decision.  *Mahone,* 836 F.2d at 936.

With this standard in mind, the Court turns to an analysis of Defendant's motion.

IV.  ANALYSIS OF MOTION TO DISMISS

In this case, Plaintiff brings a cause of action under Section 1132(a)(1)(B) of Chapter 29, United States Code, for wrongful denial of benefits by an ERISA plan administrator.  The Court reviews such a denial *de novo*, unless the benefit plan gives the administrator or fiduciary "discretionary authority" to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 102 (1989); *see Jones v. Metro Life Ins. Co.*, 2003 WL 22952212, *2-3 (N.D. Tex. 2003) (setting out the standard of review), *aff'd*, 119 Fed. Appx. 635 (5th Cir. 2005).  If the benefit plan gives the administrator the requisite authority, a district court may review the administrator's determination only for abuse of discretion.  *Chevron Chem. Co. v. Oil, Chem. and Atomic Workers Union Local 4-447*, 47 F.3d 139, 142-145 (5th Cir. 1995).  The Court will assume, without deciding, that the Excel Plan administrator in this case had such discretionary authority.[2]  Under those circumstances, a review of the administrator's decision requires a two-step process.

In the first step, the district court must determine the legally correct interpretation of the plan. *Id.*  The following issues are considered: (1) whether the administrator has given the plan a uniform construction; (2) whether the administrator's interpretation is consistent with a fair reading of the plan; and (3) whether different interpretations of the plan will result in unanticipated costs.  *Id.*  If

---

[2]  Although the Court declines to go outside the pleadings to decide this motion to dismiss, it would appear from language in Excel Plan's SPD that the administrator has full discretionary authority.  *See* Def.'s Brf at 11 ("This [administrator] shall have complete and final discretionary authority to interpret these Plans [and the administrator's] decision relating to matters arising under these Plans shall be final and conclusive, unless such decisions are determined to be an abuse of discretion."); *see also Jones*, 2003 WL 22952212 at*2-3 (interpreting similar language).

the administrator's interpretation of the plan was legally correct, the Court must rule in the plan's favor without further analysis. *See id*.

If the administrator's decision was incorrect, however, the Court proceeds to the second step to determine whether the administrator's decision constitutes an abuse of discretion. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 638 (5th Cir. 1992). Three primary factors are considered at this stage: (1) the internal consistency of the plan under the administrator's interpretation; (2) any relevant regulations of the appropriate administrative agencies; and (3) any inferences of bad faith in the factual background of the determination. *Id.*

When applying the abuse of discretion standard, the Court analyzes whether the plan administrator acted "arbitrarily or capriciously." *Lain v. Unum Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002). An administrator's decision to deny benefits must be based on evidence, even if disputable, that clearly supports the basis for its denial. *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-302 (5th Cir.1999) ("Without some concrete evidence in the administrative record that supports the denial of the claim, . . . the administrator abused its discretion.").

To assess factual questions throughout this two-step analysis, the district court is constrained to consider only the evidence that was before the plan administrator at the time of his or her decision. *Id.* at 299 (citing Fifth Circuit cases). Such evidence is called the "administrative record," which consists of all relevant information made available to the plan administrator "prior to the complainant's filing of a lawsuit . . . in a manner that gives the administrator a fair opportunity to consider it." *Id.* at 300. The Court may consider evidence outside of the administrative record only when such evidence relates to how an administrator has interpreted relevant terms of the plan in other cases; or when such evidence, like expert opinion, would assist the court in understanding

medical terminology or practice.  *See id.*  In no event may the Court consider any evidence outside the administrative record to resolve disputed material facts.  *Id.*

Turning to the present case, the Court has before it a motion to dismiss under Rule 12(b)(6). An administrative record comporting with the definition above has not been fully designated or authenticated.  The materials Defendant has submitted consist only of documents generated by the Plan and the insurance company.  Plaintiff is entitled at the appropriate time to offer evidence of other materials that may have been available to the plan administrator in a manner that gave him or her fair opportunity to consider them at the time of decision.  Moreover, Plaintiff correctly requests the opportunity to discover, submit and argue facts for the other limited purposes allowable. Dismissal on the pleadings supplemented by Defendant's documentation alone is inappropriate at this juncture.  *See Conley v. Gibson*, 355 U.S. at 45-46 (prohibiting dismissal unless a plaintiff can prove no set of facts that would support the claim).

Notwithstanding the prematurity of Defendant's arguments, the Court has taken the opportunity to clarify legal principles that will guide future proceedings in this case.  To the extent Defendant's motion to dismiss asks for application of those principles, the motion is granted.  In all other things, it is denied.

## V.  PLAINTIFF'S REQUEST FOR LEAVE TO AMEND PLEADINGS

In Plaintiff's Response, she asks the Court to grant leave to amend her pleadings to add a claim against Defendant Excel Plan for breach of fiduciary duty.  Plf's Resp. at 5-6; *see* Fed. R. Civ. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").  Plaintiff's request to amend is timely under the Court's Scheduling Order.  Defendant opposes on the primary ground that the proposed claim is not sustainable as a matter of law, and is therefore futile.  *See Avatar Exploration, Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) (naming futility of

amendment as a proper ground for denying leave to amend); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666-67 (5th Cir.), *cert. denied*, 454 U.S. 1098 (1981) (same).  The Court agrees.

The statutory provision under which an individual beneficiary may sue an ERISA plan for breach of fiduciary duty is Section 1132(a)(3) of Chapter 29, United States Code.  *Constantine v. American Airlines Pension Benefit Plan*, 162 F. Supp. 2d 552, 556-57 (N.D. Tex. 2001).  An ERISA plan beneficiary may not, however, sue for breach of fiduciary duty under that section if he or she has a cause of action under Section 1132(a)(1)(B) for benefits denied.  *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (so holding); *Moore v. Raytheon Corp.*, 314 F. Supp. 2d 658, 664 (N.D. Tex. 2004) ("Claims for equitable relief under 29 U.S.C. § 1132(a)(3) are only available when a plaintiff has no other avenue of relief under ERISA."); *Metropolitan Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826, 831 (E.D. Tex. 2002) ("[E]ven if [Plaintiff's] claim under section 1132(a)(1)(B) is unsuccessful, that would not make this alternative claim for equitable relief viable.") (citing *Tolson*, 141 F.3d at 610).

In this case, Plaintiff has a cause of action for wrongful denial of benefits under Section 1132(a)(1)(B).  She cannot therefore as a matter of law bring a concurrent claim, even in the alternative, for breach of fiduciary duty.  *See id.*  Her proposed amendment would be futile, and the request for leave to amend the complaint is consequently **DENIED**.

## VI. CONCLUSION

After consideration of the pleadings, the parties' briefs, and the applicable law, the Court makes the following rulings on pending motions:

Defendant's Motion to Strike Plaintiff's Sur-Reply/Reply is **GRANTED**.  Plaintiff's Reply/Sur-Reply, filed November 14, 2005, is **STRICKEN**.

8

In light of the preceding order and the Court's refusal to treat the pending motion to dismiss as a motion for summary judgment, Defendant's Motion to Strike Evidence is **DENIED AS MOOT**.

Defendant's Motion to Dismiss is **GRANTED IN PART** (as to the standard of review and evidentiary limitations applicable in this case) and **DENIED IN PART** (as to all other matters).

Plaintiff's request for leave to amend the pleadings is **DENIED**.

Defendant's letter request to stay mediation has been rendered **MOOT** by issuance of this order.  The parties shall conduct mediation as originally agreed and directed.

SO ORDERED.

DATED:  January 5, 2006.


BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS